[S. F. No. 8406.   In Bank.—December 24, 1917.]

EMPLOYEE'S CREDIT COMPANY et al., Petitioners, **v.** INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Workmen's Compensation Act — Release — When Insufficient.—A release is not a defense to a proceeding by an employee before the Industrial Accident Commission to obtain an award for disability incurred in the course of employment when it does not provide for payment of full compensation and has not been approved by the commission.

Id.—Award of Compensation for Temporary Disability—Subsequent Claim of Further Disability — Notice.—The notice in writing which is required to be given to an employer by section 20 of the Workmen's Compensation Act is a notice of the original injury, and the section does not apply to the case of a further disability under subdivision c, where compensation has been made for the original disability.

Id.—Further Disability—When Right not Barred—Finding Justified by Evidence.—Where the employee incurred a temporary total disability January 8, 1916, which lasted till February 19, 1916, for which compensation was paid in full, but she suffered continuously from nervousness as the result of the injury, which increased until October, 1916, when it disabled her entirely from work, the supreme court cannot say that the commission was not justified in finding that the disability occurred on the 1st of October, 1916, and that the right to apply was not barred when the application was filed in January, 1917, under subdivision c of section 16 of the act, which requires proceedings to collect compensation for further disability within 245 days after the date of the injury.

APPLICATION for Writ of Review against the Industrial Accident Commission.

The facts are stated in the opinion of the court.

Lloyd S. Ackerman, for Petitioners.

Christopher M. Bradley, for Respondents.

SHAW, J.—This is a petition for the review of an award made by the Industrial Accident Commission in favor of Rose M. Rea.

On January 8, 1916, the applicant, while in the service of the Employee's Credit Company as assistant bookkeeper, received a gunshot wound through her right arm, inflicted by two negroes who were robbing her employer's place of business. Due notice thereof was given to the employer, and the other petitioner, as insurance carrier, paid her the sums required for disability indemnity and medical treatment by the Workmen's Compensation Act, from that time until February 17, 1916, at which time, the wound having healed, she was discharged from treatment and the payment of compensation ceased. Thereafter, on January 23, 1917, she applied to the Industrial Accident Commission for an award, on the ground that the injury received, as aforesaid, had caused a further disability entitling her to further compensation under the provisions of subdivision c, of section 16, of the Workmen's Compensation Act. A hearing was had at which the defendants appeared and presented two defenses; first, that the applicant had released the employer and insurance carrier from all liability on account of the injury; second, that the application on January 23, 1917, was more than six months after the happening of the original injury, and more than six months from the time the further disability complained of was produced from the effects of that injury.

It is sufficient to say with respect to this release that there was no evidence thereof given at the hearing before the commission. Our knowledge of it is derived solely from the allegations of the petition to this court for a review. It is to be added that it does not provide for payment of full compensation in accordance with the provisions of the act, and it has not been approved by the Industrial Accident Commission,

and, consequently, that it would be invalid under the provisions of subdivision b, section 32, of the act, and would have been unavailing even if it had been offered in evidence.

With regard to the defense that the application was made too late, the evidence is not conflicting, but the facts are somewhat peculiar. According to the testimony of the applicant, she felt that after giving the release referred to she had no right to further compensation, although she continued thereafter to have some pain in her arm and increasing nervousness. After she was discharged from treatment by the insurance carrier, she felt that she would be unable to keep a position if she should get one, and did not attempt to get work except on two occasions, and she was then so nervous that she was not accepted. Even a little housework affected her arm. The pains in her right arm grew more severe in character as time passed, after the treatment ceased in February, 1916. She consulted a physician in July and received medical treatment for a short time, and again in September, on which occasion she was given a nerve sedative prescription. In October, 1916, her nervousness had increased to such an extent that she took advice about the matter of obtaining further compensation, and applied to the respondent insurance carrier therefor and was refused assistance. From about the 1st of October until the time of making the application in January she was wholly unable to do any work. By stipulation at the hearing a physician was appointed to make an examination of her condition. He reported that the only direct consequences of the wound were numbness and heaviness in the arm, with occasional pain in the wrist, elbow, and shoulder; that the principal ailment of the applicant was an extreme nervousness amounting to prostration, and apparently the result of the fright she received at the time of her injury from the robbers. All the evidence shows that her condition and disability is the direct result of the physical injury and of the mental shock she received at the time.

The commission found that the applicant was injured on January 8, 1916; that said injury caused a temporary total disability from that time until February 19, 1916, for which compensation had been paid in full, and that beginning on October 1, 1916, the applicant became afflicted with neurasthenia, arising from said injury, which constituted a further

disability under section 16, subdivision c, of the act. The award is for this further disability.

Subdivision c, above cited, provides that the injured employee may institute proceedings to collect compensation within 245 weeks after the date of the injury, upon the ground that the original injury has caused further disability. The first part of section 16 provides that proceedings for the collection of disability indemnity to an employee, under the act, must be begun within six months from the date of the injury, except as otherwise provided in the act. The provision referred to in subdivision c is one of the exceptions. The notice in writing which is required to be given to the employer by section 20 of the act is a notice of the original injury, and the section does not apply to the case of a further disability under subdivision c, where compensation has been made for the original disability. On behalf of the commission it is conceded that the application, under subdivision c, must be begun within six months after the occurrence of the further disability. Upon this theory the further disability must have occurred not earlier than July 23, 1916, in order to bring the application within the period of six months. The term "further disability" is of somewhat indefinite meaning, especially as applied to a case such as this, where nervous prostration gradually increases to a positive disability. The question of the time when it reaches the state of disability is a question of fact for the commission to decide from the evidence. Miss Rea suffered from nervousness continuously from the time of signing the release mentioned, but the evidence justified the inference that she hoped and expected that it would disappear. Apparently she was not confined to her room or to her bed, or prevented from going about, and it was not until in the latter part of July, or later, that she began to fear that she was not improving, and that the nervousness was more serious than she had believed it to be; and it was not until some time about the 1st of October that it increased to such a degree as to disable her entirely from doing any work. While the proof of some of these statements is not direct, it is not unreasonable to infer them all from the testimony given. Under these circumstances we cannot say that the commission was not justified in finding that the disability occurred on the 1st of October,

CLXXVII Cal.—4

1916, and that her right was not barred at the time she filed her application.

The award is affirmed.

Melvin, J., Henshaw, J., and Angellotti, C. J., concurred.