[L. A. No. 24576.  In Bank.  Feb. 14, 1958.]

## ANGELA CHAVEZ et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Levy, Russell & DeRoy and George DeRoy for Petitioners.

Everett A. Corten, Edward A. Sarkisian, Talbot & Thompson and George Thompson for Respondents.

SPENCE, J.—Petitioners, who are the surviving widow and children of Jose Chavez, seek annulment of the respondent commission's award to them of certain benefits and of the commission's order disapproving a compromise.

The employee, Jose Chavez, suffered an industrial injury in 1955.  His employer furnished medical treatment and made temporary disability payments for approximately three months.  Thereafter, the employee filed an application for adjustment of compensation, and the commission conducted a hearing on February 27, 1956.  An oral agreement of compromise for $2,250 was reached by the employee and the employer's insurance carrier on the following day.

The insurer prepared a written compromise agreement on a form supplied by the commission and sent it to the employee, who executed it on March 10, 1956. It was received by the insurer on March 14. On March 12, however, the employee died of a nonindustrial heart condition. The carrier signed the compromise and forwarded it to the commission for approval before learning of the employee's death. The commission, through its referee, after learning of the death and at the insurer's request, disapproved the compromise. The order stated, in part, that the "Commission, having considered the entire record, now finds that it is not for the best interests of the parties to approve . . . [the] Compromise and Release and that it should be disapproved, applicant having died prior to approval thereof. . . ." The findings and award simply reiterated that the death was the basis for such action. The widow and dependent children were granted benefits consisting principally of unpaid compensation payments which were found to have accrued in favor of the employee prior to his death. Their petition for reconsideration was thereafter denied.

The employee's dependents contend that although the employee died, there was still adequate consideration to support the compromise. ■ While this may be true, it is not controlling on the question of the effectiveness of the unapproved compromise or the question of the propriety of the commission's refusal to approve it in view of section 5001 of the Labor Code. That section provides: "Compensation is the measure of the responsibility which the employer has assumed for injuries or deaths which occur to employees in his employment when subject to this division. *No release of liability or compromise agreement is valid unless it is approved by the commission, a panel, commissioner, or referee.*" (Emphasis added.)

Undoubtedly the Legislature, in enacting this section, was primarily concerned with protecting workmen who might agree to unfortunate compromises because of economic pressure or lack of competent advice. (See 1 Hanna, The Law of Employee Injuries and Workmen's Compensation, p. 154.) However, the effect of the section, by its clear wording, is to make every compromise invalid until it is approved. (*Employee's Credit Co.* v. *Industrial Acc. Com.*, 177 Cal. 46 [169 P. 1001]; *Massachusetts etc. Co.* v. *Industrial Acc. Com.*, 176 Cal 488 [168 P 1050].) In conformity with the section, the written compromise agreement here contained an express provision

making its effectiveness dependent upon approval by the commission.

Approval of the compromise by the commission, therefore, was clearly essential to its effectiveness. At the time that the compromise was before the commission for approval or disapproval, the ·commission knew of the employee's intervening death, which death would normally terminate any right to disability payments. (Lab. Code, § 4700.) Under these circumstances the ruling of the commission disapproving the compromise cannot be disturbed.

The award made by the commission and the order disapproving the compromise are affirmed.

Shenk, J., Schauer, J., and McComb, J., concurred.

CARTER, J.—I dissent.

This case comes to·us on a petition to review an order of the Industrial Accident Commission (hereinafter called the commission) disapproving a·compromise agreement made between an employee and employer. The majority correctly notes that a compromise agreement to be valid must be approved by the commission, and absent this approval the agreement is invalid (Lab. Code, § 5001). From this proposition the majority concludes that where there is a disapproval of a compromise agreement by the commission there is nothing for an appellate court to review and the order of disapproval will not be disturbed. In reaching such conclusion the majority avoids the very question we were asked to review: Were the grounds stated by the commission in disapproving the compromise erroneous as a matter of law and thereby in excess of jurisdiction?

At the outset there is the preliminary question of whether an order by the commission disapproving a compromise agreement is subject to review at all, and if so, does its scope include the question we are here asked to review. According to the provisions of section 5950 of the Labor Code, any person affected by an order of the commission may apply to the courts for a writ of review. It is clear that an order approving or disapproving a compromise and release comes within the provisions of section 5950 and a writ of review is available to a person adversely affected by such order (see *Silva* v. *Industrial Acc. Com.*, 68 Cal.App. 510, 515 [229 P. 870]).

However, in reviewing an order of the commission disapproving a compromise and release, appellate courts will

not annul it in the absence of an abuse of discretion (*Stegeman v. Industrial Acc. Com.*, 6 Calif. Comp. Cases 256; *Dubendorf v. Industrial Acc. Com.*, 7 Calif. Comp. Cases 191). To state an appellate court's authority in this connection in terms of the statute defining the scope of review (Lab. Code, § 5952), questions of law are open to court review on the ground that an erroneous ruling on matters of law is in excess of jurisdiction (see *National Auto. etc. Co. v. Industrial Acc. Com.*, 80 Cal.App.2d 769, 772 [182 P.2d 634]). Therefore, the question presented by petitioners, and which is now before us, is a proper one for review.

The sole issue, then, is whether the grounds stated by the commission in denying petitioners' application for reconsideration are erroneous as a matter of law. I refer specifically to the application for reconsideration, since that is, in essence, the final order and the one which we are reviewing. (See Lab. Code, § 5901; *Liberty Mutual Ins. Co. v. Industrial Acc. Com.*, 15 Calif. Comp. Cases, 226.)

The pertinent parts of the commission's order denying the application for reconsideration revealing the grounds are as follows: "While it appears that the amount offered in settlement constituted a compromise of defendants' [employer and insurance carrier] liability for any additional temporary disability indemnity, yet it appears that the main portion of the settlement sum was a compromise of liability for permanent disability. Since death terminates disability (Lab. Code, § 4700) it would appear that the consideration for the settlement for permanent disability residuals had in a large part failed upon the employee's death. It is true that the parties had entered into an executed contract as between themselves but the Compromise and Release would not become effective unless and until approved by this Commission. A party to a contract may rescind if the consideration fails in a material respect for any cause (Civ. Code, § 1689, subd. 4) and it thus appears that a party may rescind a contract otherwise valid, when the consideration in whole or in part fails before the contract has been fully performed.

"The Panel is of the opinion that the referee acted correctly in disapproving the Compromise and Release, upon defendants' notice of rescission thereof."

A reading of this order leaves no doubt but that the commission in affirming the referee's order disapproving the compromise agreement and their denial of the application for reconsideration was predicated upon the belief that there

was a failure of consideration, thus justifying the rescission under section 1689, subdivision 4 of the Civil Code. Furthermore it is evident that there is no dispute concerning the facts, and hence this issue of whether or not the death of the employee constituted a failure of consideration is a question of law and thereby a proper matter for review (see *Reinert* v. *Industrial Acc. Com.*, 46 Cal.2d 349, 358 [294 P.2d 713]; *Winter* v. *Industrial Acc. Com.*, 129 Cal.App.2d 174, 178 [276 P.2d 689]).

That the death of the employee did not constitute a failure of consideration is clear. The survival of the employee, Chavez, was not in any way a material part of the consideration in the compromise agreement. Consideration is usually expressed as the "bargained for exchange" (Rest., Contracts, § 75). The compromise release states that Chavez released his rights to any permanent disability payments in exchange for $2,250 he was to receive from his employer's insurance carrier; no mention is made that the employer or his insurance carrier is expecting Chavez to survive for any particular length of time. The employer and insurance carrier were obviously bargaining for this release; the whole object of the compromise was to obtain Chavez' release of his rights arising from the injury, anything else would have been pointless. In addition it is reasonable to assume that both parties were aware that if Chavez died his right to any disability payments would cease, and hence contracting with this in mind, the employer assumed the risk that Chavez might die before his period of permanent disability ran out. The fact that Chavez died before the right to any permanent disability payments accrued, did not affect the fact that he released the right to receive payments had he lived. The employer got exactly what he bargained for: Chavez releasing his claims against the employer arising from his injury.

Having established that the grounds on which the commission based its order were incorrect as a matter of law, the order should be annulled and the cause remanded for appropriate commission action.

This conclusion is not affected, as the majority opinion appears to imply, by the fact that the compromise agreement was not approved by the commission at the time of death of the employee Chavez. In other words the parties to a compromise agreement which has been submitted to the commission for approval cannot unilaterally rescind the agreement prior to the commission's approval or disapproval. It is true that

Labor Code, section 5001, states that the compromise agreement is not valid unless it is approved by the commission, but this does not mean that the agreement is ineffective and either party is permitted to rescind it at will simply on the ground that the agreement is not valid until approved. To state it another way, the statute declaring a compromise not valid unless the commission approves it is not intended to afford a ground for rescission once the agreement is submitted to the commission. To permit rescission on such basis would disrupt the orderly administration of justice and would be contrary to the principles for the conservation of the time and energy of the commission, and place each party at the caprice of the other in that rescission might occur any time after submission of the agreement to the commission but prior to the latter's action. Obviously, the commission could not disapprove such an agreement without legal or just cause. In other words the commission may not validly act arbitrarily or do what would amount to the same thing—base its conclusion on nonexistent facts or inapplicable rules of law. But this is just what the commission has done in this case and the majority here has approved its unauthorized action.

For the foregoing reasons I would annul the order.

Gibson, C. J., and Traynor, J., concurred.