[S. F. No. 8462. In Bank.—July 1, 1918.]

## MESMER & RICE (a Corporation), et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

WORKMEN'S COMPENSATION ACT—PROCEEDINGS BEFORE COMMISSIONERS —CAUSE OF DISABILITY — STIPULATION FOR DETERMINATION BY PHYSICIAN—EVIDENCE SUFFICIENT.—Where on a proceeding before the Industrial Accident Commission, for an award for injuries claimed to have been sustained by an employee, it was stipulated that the applicant had received an injury in the course of his employment, but the employer and the insurer claimed that the disability for which compensation was sought was due to a disease with which the employee was afflicted and not to the injury, and after testimony had been introduced it was stipulated at the close of the taking of the evidence before a referee, that the employee should submit himself to examination by the physician of the commission, who was to report to the referee, and that this report should be used by the commission in arriving at its decision, and that upon the receipt of the report the matter was to be submitted for decision, there was no good basis for a claim, after the physician had made his report and it had been considered by the commission, that the award was made before all the evidence had been taken.

ID.—CONSTRUCTION OF STIPULATION—EMPLOYMENT OF ASSISTANTS BY PHYSICIAN.—Under such stipulation and an agreement contained therein that the physician of the commission was to take whatever measures he deemed necessary to reach a conclusion, he had the right to employ assistants to make observations, including a serological examination, and to report the result for the information of the commission.

ID.—INCOMPETENCY OF EVIDENCE — FAILURE TO REJECT.—Failure to reject incompetent evidence which was merely cumulative of other evidence and not essential to support the finding of the commission, does not affect the jurisdiction of the Industrial Accident Commission to make an award.

PROCEEDING on Certiorari to review an award of the Industrial Accident Commission.

The facts are stated in the opinion of the court.

Redman & Alexander, for Petitioners.

Christopher M. Bradley, R. T. Lightfoot, and Lee Utley, for Respondents.

ANGELLOTTI, C. J.—The Industrial Accident Commission, in a proceeding duly instituted by respondent Wilson, made an award in his favor against petitioners as compensation for injuries alleged and found to have been suffered by him in the course of his employment by petitioner Mesmer & Rice. Petitioners seek by means of a writ of review to have this award annulled.

On the trial before the commission it was stipulated that Wilson received an injury and that such injury arose out of, and happened in the course of, his employment. The only question apparently was as to the nature, extent, and duration of the disability caused thereby. The claim of petitioners before the commission was that the disability for which compensation was sought was due to a certain disease with which it was claimed Wilson was afflicted, rather than to the injury confessedly received by him at the time of his accident. A great deal of evidence was introduced before the referee by the respective parties on this issue, and it is not claimed here that there was not sufficient evidence to support the conclusion that the disability for which compensation was awarded was due to the injury. The claim is that the award is void because made before all the evidence was taken, and because of the reception of evidence of unsworn reports of certain doctors, without notice to petitioners.

It appears that at the close of the taking of the evidence before the referee it was suggested by Wilson's attorney that the physician of the commission examine Wilson and determine definitely for the information of that body whether his disability was due to the disease. This suggestion was acceded to by the attorney for the petitioners. The record fairly shows that, although the latter at first requested that the examination should be made under certain specified conditions, including the holding of the applicant in a hospital under the direction of Dr. Southworth "for a period of six or eight weeks, or such time as Dr. Southworth should determine," it was finally understood that Wilson was to submit himself to an examination by Dr. H. E. Southworth, the physician of the commission, who was to take whatever measures he might deem necessary to reach a conclusion, and that his report was to be made to the referee, to be used by the Industrial Accident Commission in arriving at a conclusion,

and that upon such examination and report being made the case was to be submitted for decision. Such, in effect, was the order of the referee, expressly assented to by all parties. The report of Dr. Southworth was presented, accompanied by the reports to him of two doctors whom he had in consultation with him in the case. One report (from Dr. Ide) was a report of certain symptoms of Wilson as shown by an examination, without any expression of conclusion except as to prospect of recovery and idea of proper treatment. The other (from Dr. Johnson) was simply a report of the result of a Wasserman test, the answer being "negative." The written report of Dr. Southworth stated that Wilson had been under his attention for "the past many days" in a hospital, that he had Drs. Ide and Johnson in consultation and inclosed their reports to him, that a urinalysis revealed nothing abnormal, that during the time of his observation he was unable to associate any systemic disorder which might produce local head symptoms such as complained of by the patient, and that he was of the opinion that the disturbance is local and the result of injury.

There is no good basis for a claim that the award was made before all the evidence had been taken. As we have seen, the undertaking of all parties was that the matter was to be submitted for decision upon receipt of the report of Dr. Southworth. No further evidence was to be taken. Petitioner's real grievance is that Dr. Southworth submitted to the commission with his own report and as a part thereof the reports to him of two assistants whom he had called in to make certain examinations, and to give to him the result of those observations for his own use in coming to a conclusion, and that these reports were thus made evidence in the proceeding. It cannot fairly be disputed that, in view of the understanding that he was to take whatever measures he deemed necessary to reach a conclusion, he had the right to employ assistance to make certain observations as to Wilson, including a serological examination, and to report the result for his information in observing Wilson, and in coming to a conclusion. This he did, and upon their reports to him and his own personal observation of the case, continued "for many days," he made his own report to the commission. There can be no doubt that his report was, in view of the understanding of the parties, competent evidence to be considered by the com-

mission, and that it, together with the evidence actually introduced on the hearing before the referee, furnished full support for the conclusion of that tribunal.   We may assume for the purposes of this decision that the written reports of Drs. Ide and Johnson to him, which he submitted with his report, were not competent independent evidence for the consideration of the commission, and that the application of the petitioners to the commission made March 15, 1917 (two months before the award was made), that the same be stricken out and withdrawn from the record should have been granted. This application apparently was never formally acted on, and must be assumed to have been denied.   But the failure of the commission to reject the incompetent evidence could not affect its jurisdiction to make the award.   The proceeding in review is not an appeal.   The award ''cannot be set aside for errors of procedure only, or for insufficiency of the evidence where there is substantial evidence to support the findings, or for rulings upon the admission or exclusion of evidence, amounting only to error and not affecting the jurisdiction.'' (*Massachusetts Bonding etc. Co.* v. *Industrial Accident Commission,* 176 Cal. 488, [168 Pac. 1050].)   Independent of the evidence alleged to be incompetent, there was ample evidence to support all the findings.   This is not disputed.   So it cannot be claimed that the commission was without jurisdiction to make the award because of an absolute want of proper evidence to support the findings of fact essential to such jurisdiction, as was the case in *Carstens* v. *Pillsbury,* 172 Cal. 578, [158 Pac. 218], and *Pacific Coast Casualty Co.* v. *Pillsbury,* 171 Cal. 324, [153 Pac. 24].   The situation here is not such, in our opinion, as to warrant an annulment of the order upon the principles stated in the opinions in those cases.   At most we have here a refusal on the part of the commission to strike out incompetent evidence which was merely cumulative of other evidence, and in no way essential to support the conclusion of the commission.   It may further be noted that in view of the report of Dr. Southworth, the other reports were of no substantial importance.

The award is affirmed.

Sloss, J., Shaw, J., Melvin, J., Richards, J., *pro tem.,* and Wilbur, J., concurred.