[L. A. No. 7963.  In Bank.—July 15, 1924.]

# THE OCEAN ACCIDENT & GUARANTEE CORPORATION, LIMITED, OF LONDON, ENGLAND (a Corporation), Petitioner, v. THE INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA et al., Respondents.

[1] ACCIDENT INSURANCE — CONSTRUCTION OF POLICY — EXTENT OF LIABILITY.—Where an accident insurance policy, insuring an employer against liability for injuries sustained by his employees in the course of certain specified employments, which are set forth in certain "declarations" therein under the head of "Classification of Operations," contains a provision that "This agreement shall apply to such injuries so sustained by reason of the business operations described in said declarations which for the purpose of this insurance shall include all operations necessary, incident or appurtenant thereto or connected therewith whether such operations are conducted at the work places defined and described in said declarations or elsewhere in connection with or in relation to such work places," and also contains a provision that, "The premium is based upon the entire remuneration earned, during the Policy Period, by all employees of this Employer engaged in the business operations described in said Declarations together with all operations necessary, incident or appurtenant thereto," with certain exceptions enumerated, and that, "If any operations as above defined are undertaken by this Employer but are not described or rated in said Declarations, this Employer agrees to pay the premium thereon, at the time of the final adjustment of the premium in accordance with Condition C hereof, at the rates and in compliance with the rules, of the Manual of Rates in use by the Company upon the date of the issue of this policy," from a construction of the whole policy, it must be held that the description in the declarations of classes of occupations in which the insured might engage, was not intended as limiting the list of operations, but only as fixing a premium rate applicable to the particular operations described therein, and that even though the insured was engaged at the time of injury in work outside the terms and limitations expressed in said classifications, the effect was not to take the employer or employee outside the protection of the policy, but only to require the employer to pay a different premium than that provided for the particular employments specified in the declarations.

[2] ID. — UNCERTAINTY IN POLICY — RULE OF CONSTRUCTION. — Where an accident insurance policy is uncertain as to what operations

2. See 6 Cal. Jur. 307; 14 Cal. Jur. 443; 14 R. C. L. 926.

were intended to be included within or excluded from its provisions, under section 1654 of the Civil Code the policy is to be construed most strongly against the insurer who drew the policy and caused the uncertainty to exist.

(1) 36 **C. J.**, p. 1083, sec. 55.   (2) 36 **C. J.**, p. 1062, sec. 14.

APPLICATION for a Writ of Certiorari to review an award of the Industrial Accident Commission of compensation for injuries resulting in death.   Award affirmed.

The facts are stated in the opinion of the court.

George H. Moore for Petitioner.

Warren H. Pillsbury and R. L. Horton for Respondents.

RICHARDS, J.—This is an application by the Ocean Accident & Guarantee Corporation, Ltd., for a writ of review of a certain record and award of the Industrial Accident Commission, whereby Angela Sevillano Teso, Maria de Los Angeles Gejo, Antonio Gejo, Jose Gejo, and Alfonso Gejo, the widow and children of one Manuel Gejo Teso, deceased, were allowed an award against the petitioner herein as the insurer of one E. J. O'Donnell, who was the employer of said Manuel Gejo Teso at the time the latter suffered the injuries which resulted in his death.   There is no dispute between the parties to this proceeding over the amount of said award or over the fact that Manuel Gejo Teso met his death while in the employ of said O'Donnell and in the course of his employment, the only question presented being as to whether the petitioner herein was liable as the insurer of said O'Donnell for the amount of said award under the terms of its policy.

The petitioner herein sets forth "that there is no dispute in the evidence that on or about March 20th, 1922, one Manuel Gejo Teso, while employed as a laborer by the defendant E. J. O'Donnell, was engaged in the work of digging a tunnel for a sewer in West Sixth street in the city of Los Angeles, California, and that while the said deceased was actually engaged in said labor in said tunnel, and while standing in water in said tunnel he took hold of an electric bulb or electric wire used by said employer in lighting said tunnel,

and in so doing was electrocuted and met his death." The petition herein also sets forth in full the insurance policy issued by the petitioner to said O'Donnell and in force at the time of the death of his said employee. The respondents have embodied the record of the proceedings before the Industrial Accident Commission in their return and have also presented a demurrer to the sufficiency of the petition. The record does not vary materially from the averments of the petition. [1] The insurance policy insures the said employer against liability for injuries sustained by his employees in the course of certain specified employments, which are set forth in certain "declarations" therein under the head of "Classification of Operations." The policy also contains the provision that "This agreement shall apply to such injuries so sustained by reason of the business operations described in said declarations which for the purpose of this insurance shall include all operations necessary, incident or appurtenant thereto or connected therewith whether such operations are conducted at the work places defined and described in said declarations or elsewhere in connection with or in relation to such work places." The policy also contains the provisions that "The premium is based upon the entire remuneration earned, during the Policy Period, by all employees of this Employer engaged in the business operations described in said Declarations together with all operations necessary, incident or appurtenant thereto; excepting however the remuneration of the President, any Vice-President, Secretary or Treasurer of this Employer, if a corporation, but including the remuneration of any one or more of such designated officers who are actually performing such duties as are ordinarily undertaken by a superintendent, foreman or workman. If any operations as above defined are undertaken by this Employer but are not described or rated in said Declarations, this Employer agrees to pay the premium thereon, at the time of the final adjustment of the premium in accordance with Condition C hereof, at the rates and in compliance with the rules, of the Manual of Rates in use by the Company upon the date of the issue of this policy." Under the general title of "Declarations" and under the special heading therein of "Classification of Operations" in said policy appears the following

194 Cal.—9

statement of the operations with respect to which the employer is insured, viz.:

"1 (a)

Ditch Digging—no sewer or canal building or excavation for water or gas mains—no blasting.

(6225)

Waterworks—laying of mains and surface or house connections (no tunneling or blasting).

(6321)

Gas Works—laying of mains and connections (no tunneling or blasting).

(6324) "

It is the contention of the petitioner herein that the foregoing "declarations" as to the employments and character of work covered by the terms and limitations of the policy in question expressly deny its benefits to the insured and hence to his employee when the occupation in which the latter was engaged when injured was that of tunneling for a sewer as averred in the petition herein and shown by the respondents' return. The respondents, on the other hand, contend that the descriptions in the "declarations" above quoted as to the classes of occupations in which the insured may engage are to be read and construed in the light of the other provisions of the policy, above set forth, in which it is provided that "If any operations as above defined are undertaken by this employer but are not described or rated in said declarations, this employer agrees to pay the premium thereon at the time of the final adjustment of the premium in accordance with Conditions C hereof"; and that the classifications above mentioned are not to be held as limiting the list of operations in which the insured may engage, but only as fixing a premium rate applicable to the particular operations described therein; and that even though the insured was engaged in tunneling for a sewer at the time of the injury to his employee and was thus doing work outside of the terms and limitations expressed in said classifications, the effect of these was not to take him or his employee outside of the protection of the policy, but was only to require him to pay a different or higher premium than that provided for the particular employments specified in said "declarations." When the policy in question is read as a whole, and particularly when the portions thereof above quoted are read together, it will be seen that

there is much persuasiveness in this view as to the proper interpretation to be placed upon this policy, since if the scope of the insurer's liability is to be confined to the employments named in the "declarations," or even to those incident thereto, the language of the foregoing clause providing for an adjustment of premiums for other employments not named in the declarations nor incident thereto becomes meaningless. This court evidently took this view as to the proper interpretation of these two clauses in a similar policy when read together in the case of *Worswick* v. *Industrial Acc. Com.*, 181 Cal. 550 [185 Pac. 953], wherein in construing a similar clause in the policy there under review and designated therein as clause "F," and which was substantially identical with clause "A" in the present policy, this court said: "The clear intention of the whole paragraph, clause or condition designated 'F' was to so enlarge the coverage of the policy as to include any change in or extension of the business described in the policy, provided always that such enlargement should not in any event be held to include work expressly specified as excepted." In the case last above cited the court pointed out that the operations of the insured employer out of which the application for an award in that case arose were expressly specified as excepted by a proviso in clause "F" itself and were for that reason not within the coverage of that particular policy. There is no such proviso or limitation in clause "A" of the present policy, but the petitioner herein contends that such express exception and limitation is to be found within the language of the "Classifications" clause in said policy, which, as we have seen, reads as follows:

"1 (a)

Ditch Digging—no sewer or canal building or excavation for water or gas mains—no blasting.

(6225)

Waterworks—laying of mains and surface or house connections (no tunneling or blasting).

(6321)

Gas works—laying of mains and connections (no tunneling or blasting).

(6324)."

It is the contention of the respondents herein, however, that the clauses in the foregoing "Classification of Opera-

tions" apparently exempting sewer or canal buliding or excavation for water or gas mains and also tunneling and blasting from such classification was not intended to have that meaning or effect, but that these exceptions were merely intended to differentiate these operations from "ditch digging" or "Water works" or "Gas Works" as to the rate of premium to be paid by the insured; or, in other words, to protect the insurer against any claim of the insured that the specified premium paid by him for coverage while engaged in "Ditch digging" would suffice for coverage while building sewers or canals or making excavations for water or gas mains, or for blasting, in connection with any of the operations, or that the specified premium paid for coverage while laying mains and connections for water works or gas works should suffice for coverage for the more dangerous operations of tunneling or blasting if carried on during these occupations. A critical examination of this "Classification of Operations" shows plainly on its face that such and such only was the purpose of the several apparent "exceptions" embraced therein. For example, the first of these classifications specifies "Ditch Digging"; but exempts from this classification "sewer or canal building or excavation for water or gas mains." It was evidently not intended to thereby exclude "excavations for water or gas mains" from coverage by this policy since the next two clauses in said classification expressly permit and embrace the laying of mains and connections for water and gas works. [2] In view of these facts the utmost that can reasonably be claimed by the petitioner herein is that these classifications are uncertain as to just what operations were intended to be included within or excluded from their provisions, and this being so, under section 1654 of the Civil Code, the policy is to be construed most strongly against the insurer who drew the policy and caused the uncertainty to exist. (*Maryland Casualty Co.* v. *Industrial Acc. Com.*, 178 Cal. 491 [173 Pac. 993].) There is also some evidence in the record before us relating to a contemporaneous interpretation placed upon the coverage of this policy by the action of the parties to it. It seems that upon two occasions prior to the casualty which gave rise to this proceeding workmen of the insured while engaged upon this particular job had received minor injuries which, while not serious enough in their nature to come before the Industrial Accident Commission, were sufficiently serious

to require medical attention, and that in each of these cases the injured employees had been sent to the official physician of the insurer for treatment and had received such treatment, which facts were reported by the insured to the representatives of the insurer. The record also discloses that the employer was a general contractor and as such had been carrying insurance with this petitioner for several years prior to that in which the injury to his deceased employee occurred and during which time he was engaged in such various occupations as digging ditches, bricking up steam boilers, laying concrete floors and sidewalks, cleaning tanks, repairing elevators, etc., and during which various employments his pay-rolls were periodically inspected by his insurer and his premium rates fixed and paid according to the classification in general use by all companies carrying workmen's compensation insurance, wherein the amount of premium is based upon the hazard of the particular occupation. This evidence is in harmony with the interpretation which the respondents herein would have us place upon this insurance policy read as a whole and which we think should be placed thereon. It is also in harmony with the provisions of section 29 of the Workmen's Compensation Act as revised and amended in 1917 (Stats. 1917, pp. 831, 857), which requires that every employer coming within the terms of said act shall secure the payment of compensation to his employees by insuring and keeping insured against liability either in one or more of the insurance carriers duly authorized to write compensation insurance in this state, or by securing from the Commission a certificate of consent to self-insure, under penalties for failure so to do. Reading this insurance policy as a whole in the light of the record before us and of the general policy of the law touching the matter of compensation insurance we are satisfied that the interpretation which the petitioner would have us place upon its liability under the form of this policy cannot be approved.

The award is affirmed.

Myers, C. J., Shenk, J., Seawell, J., Lawlor, J., and Waste, J., concurred.

Rehearing denied.

All the Justices concurred.