[Civ. No. 7848. Second Appellate District, Division One.—April 20, 1931.]

HORTON WHIPPLE, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, STATE COMPENSATION INSURANCE FUND et al., Respondents.

Henry J. Merdink for Petitioner.

A. I. Townsend for Respondents.

CONREY, P. J.—George W. Timmons, an employee of petitioner Whipple, filed with the Industrial Accident Commission and against Whipple and the State Compensation Insurance Fund, his application for compensation on account of disabilities resulting from injuries received by the applicant arising out of and in the course of his employment. █ The Commission after hearing the evidence made its finding that the State Compensation Insurance Fund was not the insurance carrier for the employer at the date of the injury. For that reason the award was made against the employer and the proceeding against the Fund was dismissed. The employer has now filed in this court his petition for writ of review.

The question to be determined arises out of petitioner's claim that the Commission acted in excess of its powers and particularly that the evidence does not justify the finding above mentioned.

In *Hillen* v. *Industrial Acc. Com.*, 199 Cal. 577 [250 Pac. 570, 571], the Supreme Court said: "Whether or not the relation of employer and employee existed in this case, under the oral contract entered into, is a question of mixed law and fact, to be proved like any other question. The finding of the Commission, in effect, that the relation existed between Hillen and Downing is binding on this

court. (*Pacific Gas & Elec. Co.* v. *Industrial Acc. Com.,* 180 Cal. 497, 499 [181 Pac. 788].) Unless there is such an entire absence of evidence in the record as to render the finding unreasonable, or in excess of the powers of the Commission, the court is not empowered to set it aside. (*Eastman Co.* v. *Industrial Acc. Com.,* 186 Cal. 587, 598 [200 Pac. 17].) The award of the Commission may be annulled only if there is no substantial evidence in support of its findings. (*Press Pub. Co.* v. *Industrial Acc. Com.,* 190 Cal. 114, 124 [210 Pac. 820].)'' In the case at bar the question as to whether or not the policy of insurance was in force at the time of the accident is likewise a question of mixed law and fact. Therefore, the rule stated in the foregoing quotation in the Hillen case applies here.

The accident in which Timmons was injured occurred on the seventh day of May, 1930. On April 1, 1930, the State Compensation Insurance Fund delivered to Whipple a compensation insurance policy in which the period of insurance was described as follows: ''The period, herein called the Policy Period, during which this Policy shall remain in force, unless cancelled or rendered null and void as herein provided, shall be from April 22, 1930, at 12:01 a. m. to April 22, 1931, at 12:01 a. m. standard time as to each of said dates.'' Immediately following the language above quoted the policy further provided: ''As a condition precedent, this Policy is null and void unless the total initial premium stated herein is paid to the State Compensation Insurance Fund at its office in San Francisco, on or before May 2, 1930, at noon, standard time.'' Whipple did not make any payment of the initial premium prior to the time of the accident. On April 19th the Fund mailed to the petitioner Whipple, and thereafter in due course of mail he received, a letter containing the following language: ''We trust that you will realize our position in the matter and that we will be favored with your remittance in the amount of $200.00 on or before May 2, 1930, in order to validate your insurance for the coming year.'' It appears that the Fund followed this letter with a telegram which we will ignore because its contents are not stated. On May 6th the Fund mailed another letter to Whipple, which was a formal notice that by reason of nonpayment of the premium the policy became null and void, but further

stated: "If you will forward the amount of premium, new policy will be sent, effective from the date remittance is received." Apparently this letter was not received by petitioner prior to the time of the accident on May 7th, nor until May 8th. Thereafter on May 9th the Fund received from Whipple a check for $200, which it duly cashed and thereupon sent to Whipple a new policy effective as of May 9, 1930.

We are of the opinion that the evidence before the Commission was sufficient to authorize it to make the finding which it did make, that at the date of the injury to the employee the State Compensation Insurance Fund was not the insurance carrier for the employer. This was in effect a finding that the said policy delivered on the first day of April on the conditions therein set forth was not effective or in force at the time of the accident. ▆ The fact that, under previous policies issued by the Fund to Whipple, the Fund at various times paid claims arising during periods of time when payments of premiums were in default, is not sufficient to create an estoppel in this case. It is stated in the answer to the petition that the evidence relating to said former instances of recognition of claims arising while the petitioner was in default were all instances where the default related to installments becoming due after the policy had been validated and after payment of the initial deposit premium. But in the case of the policy now under consideration the initial payment had not been made; and the policy on its face shows that the delivery of it was conditional, in that the policy would not be effective, but should be null and void "unless the total initial premium stated herein is paid" on or before the specified date.

The petition for writ of review is denied.

Houser, J., and York, J., concurred.