[Civ. No. 11207.   Second Appellate District, Division Two.—March 18, 1937.]

MAXFIELD WILTON AND ASSOCIATES, INC. (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, JOHN F. WILLIS et al., Respondents.

A. P. G. Steffes for Petitioner.

Everett A. Corten, Emmet J. Seawell, Walter L. Bowers and W. Wallace Trau for Respondents.

Carroll S. Bucher and Wanda O. Lahanier as *Amici Curiae* on Behalf of Respondents.

WOOD, J.—The petitioner, an employer, seeks to have annulled an award made by respondent Industrial Accident Commission and to have liability imposed upon respondent Colonial Mutual Compensation Insurance Company, Ltd.

The petitioner was engaged in the business of building maintenance and employed a number of workmen. One John F. Willis was employed by petitioner to do painting on an apartment house and suffered injuries which occurred in the course of and arose out of his employment. He filed an application with respondent commission to obtain an award against petitioner and respondent insurance company. The commission made an award against petitioner only, making the finding that "at the said time said employer was not insured as alleged herein". The insurance company contended before the commission and contends now that the type of work performed by the employee was not covered by the insurance policy, and also that the insurance policy was not in force at the time the injuries were suffered. In its answer to the

petition for a writ of review the commission states: "However, since we agree with petitioner's contention that if there had been a valid policy of compensation insurance that the policy in question would have protected petitioner in the present case, it is unnecessary to further consider the question of coverage, in so far as it would be applicable to the injured employee John F. Willis. It is the position of the commission that there was no policy of compensation insurance in effect at the time Willis sustained his injuries, for the reason that petitioner did not pay the initial premium on or before January 3rd, 1936." Although there is no express finding that petitioner was protected by the policy as regards the injuries of Mr. Willis it is apparent from this statement that such a finding would have been made but for the conclusion reached by the commission on the question whether the policy was in force for any purpose. There is substantial evidence in the record to sustain such a finding if it had been made.

Petitioner applied to respondent insurance carrier for a policy covering all of its employees and on December 24, 1935, there was delivered to petitioner a policy of insurance which provided: "The period during which the policy shall remain in force . . . shall be from December 24, 1935 to December 24, 1936 . . . " The policy also contained the following provision: "As a condition precedent this policy is null and void unless the total initial premium stated herein is paid to the Insurance Holding Company, Inc., at its office in Los Angeles on or before January 3, 1936." The employee was injured December 27, 1935. Immediately thereafter petitioner's attorney had a conversation with the vice-president of the insurance carrier. The carrier positively denied liability, placing its denial upon the sole ground that the work done by Mr. Willis did not come within the classification which was covered by the policy and claiming that coverage of Mr. Willis' work would have called for a higher rate of premium. Petitioner's attorney then requested that petitioner be billed for a premium at the higher rate and offered to pay the premium at the higher rate. This offer was refused by the insurance carrier. Petitioner did not pay the premium during the period ending January 3, 1936, and thereafter the carrier wrote to petitioner that "the policy became null and void from the inception date 12/34/35".

■ Contracts of insurance are subject to the same general rules which pertain to all contracts. (*Boyer* v. *United States F. & G. Co.*, 206 Cal. 273 [274 Pac. 57].) A contract must be so interpreted as to give effect to the mutual intent of the parties. (Civ. Code, sec. 1636.) A contract may be explained by reference to the circumstances under which it was made and the matter to which it relates. (Civ. Code, sec. 1647.) ■ The policy must be read as a whole and in the case of a policy given pursuant to the terms of the Workmen's Compensation Act it must be construed with reference to the provisions of the Compensation Act. Any uncertainty which is caused by the wording of the policy should be construed most strongly against the person who prepared the policy and caused the uncertainty to exist. (Civ. Code, sec. 1654; *Ocean etc. Corp., Ltd.,* v. *Industrial Acc. Com.,* 194 Cal. 127 [228 Pac. 1] ; *Maryland Casualty Co.* v. *Industrial Acc. Com.,* 178 Cal. 491 [173 Pac. 993].) ■ Bearing these rules in mind we are forced to the conclusion that petitioner was protected by the policy. It was doubtless the intention of the parties to insure petitioner's employees for one year beginning December 24, 1935. It was expressly so stated in the policy and it is unreasonable to argue that the parties intended to leave a period of ten days in which petitioner was not covered by insurance. An uncertainty arises from the language in the policy by which payment of the premium is made "a condition precedent". By executing and delivering the policy to petitioner containing a provision permitting payment of the premium any time within the succeeding ten days the carrier extended credit for the amount of the premium during that period. The payment of the premium on or before January 3d was a condition precedent to a continuation of the risk assumed by the carrier. If the hearing had been conducted by the commission on the day following the accident it could not have been successfully contended that the policy was not then in force. ■ Failure to pay the premium thereafter did not efface the liability which had been incurred. The rule is well stated in *Farnum* v. *Phoenix Ins. Co.,* 83 Cal. 246 [23 Pac. 869, 17 Am. St. Rep. 233] : "It seems to be settled by a controlling preponderance of authority that an express provision in a policy of insurance that the company shall not be liable on the policy until the premium be actually paid is waived by the unconditional

delivery of the policy to the assured as a completed and executed contract under an express or implied agreement that a credit shall be given for the premium, and that in such case the company is liable for a loss which may occur during the period of the credit."

In its answer the commission refers to the case of *Whipple* v. *Industrial Acc. Com.*, 113 Cal. App. 535 [298 Pac. 832], and states: "We submit that the Whipple case is authority for the finding of the commission that the policy in question was null and void, since the initial premium was not paid by January 3, 1936." The facts in the Whipple case are different from the facts of the case now before us. In the Whipple case the accident occurred May 7, 1930. It was provided that the policy should be null and void unless the initial premium should be paid on or before May 2, 1930. The premium was not paid and on May 6, 1930, the carrier mailed formal notice to the employer that by reason of nonpayment of the premium the policy had become null and void.

The award is annulled and the matter is returned to the Industrial Accident Commission for further proceedings not inconsistent with this opinion.

McComb, J., *pro tem.*, and Crail, P. J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 17, 1937.