[Civ. No. 11650. Second Appellate District, Division One.—April 11, 1938.]

MAXFIELD, WILTON & ASSOCIATES, INC. (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA, Respondent.

A. P. G. Steffes for Petitioner.

Everett A. Corten, Walter L. Bowers and W. Wallace Trau for Respondent.

DORAN, J.—This is a petition for review of the second award of the respondent Industrial Accident Commission.

The facts are, in brief, as follows: One John F. Willis, while employed on December 27, 1935, as a painter and paperhanger on a salary basis, by Maxfield, Wilton and Associates, Inc., who were in the property management business, sustained injuries occurring in the course of and arising out of his employment.

The insurance carrier, when informed of the accident, denied liability, claiming that the work done by said employee "was not within the classification covered by the policy".

An application was filed with respondent commission, by the injured employee, for compensation against the petitioner herein as the employer, and against the Colonial Mutual Compensation Insurance Co., Ltd., as the carrier. After a hearing, the commission made its findings and award, fixing the compensation recoverable, and holding that the petitioner was not insured and that the insurance company was not the carrier, freeing the latter from any liability.

By a judgment of the District Court of Appeal, Second Appellate District, Division Two, upon a petition for a writ of review, the order of the commission was annulled and the matter was returned to respondent commission for further proceedings not inconsistent with the opinion of said court. A petition for hearing was filed by the carrier in the Supreme Court, which was denied. Thereafter, the commission conducted a hearing, received further evidence, and made

its award, which was substantially the same as the award originally made by said commission.

Petitioner herein seeks an annulment of the second award of respondent commission, contending, with reference to the additional testimony which was taken on rehearing, "That none of said testimony was new or different in substance from that introduced at the former hearing before respondent and that the condition of the record after the introduction of such further evidence was not different from the condition of the record as it existed at the time the previous and original award was annulled."

After the decision of the appellate court became final, the commission, as heretofore mentioned, proceeded to reexamine the issue as to the understanding which was had between the agent of the insurance company and petitioner's employee in charge of escrows and insurance, at the time the policy in question was being secured. At the first hearing before the commission the agent of the insurance company testified that: "He (petitioner's employee) said to write the policy with the classification mentioned only—with general maintenance of apartments and also covering the office help of Maxfield, Wilton and mail it to him *for his inspection."* (Italics added.) At the second hearing, upon the additional evidence of which respondent commission relies to support its second award, the agent of the insurance carrier testified that: "Mr. Wright (petitioner's employee) said to send the policy to him and which he would review, and *if it suited his purpose,* he would pay for it. . . . He said to send the policy over for his approval. We did not discuss the payment of the policy; he was discussing whether the policy would meet his approval or not. Q. Was there anything said then about payment of the premium on the policy? A. No." (Italics added.)

The opinion of the appellate court, following the first hearing, is in part as follows: "Bearing these rules in mind we are forced to the conclusion that petitioner was protected by the policy. It was doubtless the intention of the parties to insure petitioner's employees for one year beginning December 24, 1935. It was expressly so stated in the policy and it is unreasonable to argue that the parties intended to leave a period of ten days in which petitioner was not covered by insurance. An uncertainty arises from

the language in the policy in which payment of the premium is made 'a condition precedent'. By executing and delivering the policy to petitioner containing a provision permitting payment of the premium any time within the succeeding ten days the carrier extended credit for the amount of the premium during that period. The payment of the premium on or before January 3d was a condition precedent to a continuation of the risk assumed by the carrier. If the hearing had been conducted by the commission on the day following the accident it could not have been successfully contended that the policy was not then in force. Failure to pay the premium thereafter did not efface the liability which had been incurred.'' (*Maxfield, Wilton & Associates, Inc.,* v. *Industrial Acc. Com.,* 19 Cal. App. (2d) 606 [65 Pac. (2d) 1354].)

The above-mentioned opinion of the District Court of Appeal is the law of the case, which decision holds that ''petitioner was protected by the policy''. Respondent's effort to avoid the judgment is unavailing, for it is evident, from a review of the record, that the so-called ''additional evidence'' produced at the second hearing is, in substance and effect, the same as that elicited at the former hearing and hence is merely cumulative.

As contended by respondent, there can be no question as to the power of the commission to conduct a further hearing in proper cases, of which the second hearing of the case at bar is an example. Nor can there be any question as to the power of the commission, after taking further and additional evidence, to decide again in the same form and effect as before. But such power in the commission manifestly is based upon the proposition that the so-called further and additional testimony and evidence is, in fact and in law, what it purports to be, that is to say, actually additional and not merely a review in form only that produces nothing new in substance. The record of the appeal herein reveals a condition that is no different now than when presented to the District Court of Appeal on the first petition.

It follows, therefore, that the action of the Industrial Accident Commission freeing the insurance company from liability and purporting to be based on further and additional evidence does not conform to or comply with the judgment and order of the District Court of Appeal, which

judgment and order recited that, "the matter is returned to the Industrial Accident Commission for further proceedings *not inconsistent with this opinion".* (Italics added.) That opinion, as heretofore noted, pointed out that "Failure to pay the premium did not efface the liability which had been incurred" and that "petitioner was protected by the policy".

For the foregoing reasons, the award is annulled and the proceedings returned to the Industrial Accident Commission for disposition in accord with the judgment and order of the District Court of Appeal, Second Appellate District, above mentioned, as well as with the conclusions reached herein.

York, P. J., and White, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 2, 1938.