[Civ. No. 19065. First Dist., Div. Two. May 23, 1960.]

JOHN C. NICHANDROS, Appellant, v. REAL ESTATE DIVISION OF THE DEPARTMENT OF INVEST-MENT OF THE STATE OF CALIFORNIA et al., Respondents.

Raymond N. Baker for Appellant.

Stanley Mosk, Attorney General, and Carl W. Wynkoop, Deputy Attorney General, for Respondents.

STONE, J. pro tem.*—This is an appeal from a 30-day suspension of appellant's real estate salesman's license. Nichandros Development Company subdivided a 20-lot tract in Alameda County. Nineteen of the lots had been cleared for the building of new homes but there was an old house and

*Assigned by Chairman of Judicial Council.

windmill on the 20th lot. Appellant was employed as a sales-man by the Crest Realty Company, a real estate agency engaged in the sale of the lots in the tract. During October of 1955, appellant sold Mr. and Mrs. Seymour Bachman one of the lots on which a new home had been built. They testified that before purchasing the property, they asked appellant about the old building and he advised them it was to be torn down or replaced by a modern home. Appellant denied making such representations. Nothing was done about the old building for some months so the Bachmans complained to the State Real Estate Commissioner and an accusation was filed. At the time of the first hearing which was held before an administrative officer on September 19, 1958, the old house was still standing and being used as an office by the real estate agency and by the development company. Following the initial hearing, an amended accusation was filed and a hearing thereon was held January 26, 1959. At the second hearing, the purchaser of another lot in the subdivision was permitted to testify, over objection, that an agent of Crest Realty, other than the appellant, also represented that the old house was to be torn down or remodeled.

The hearing officer found that the representations were made by appellant as charged by the Bachmans; that the representations were not true; and that the Bachmans, by said representations, were induced to purchase the house and lot. The real estate commissioner ordered appellant's license suspended for a period of 30 days pursuant to Business and Professions Code, section 10176. The pertinent portion of this section provides:

"The commissioner may, upon his own motion, and shall, upon the verified complaint in writing of any person, investigate the actions of any person engaged in the business or acting in the capacity of a real estate licensee within this State, and he may temporarily suspend or permanently revoke a real estate license at any time where the licensee, while a real estate licensee, in performing or attempting to perform any of the acts within the scope of this chapter has been guilty of any of the following:

"(a) Making any substantial misrepresentation.

"(b) Making any false promises of a character likely to influence, persuade or induce.

. . . . . . . . . . . . . .

"(i) Any other conduct, whether of the same or a different

character than specified in this section, which constitutes fraud or dishonest dealing."

Appellant filed a petition for writ of mandate in the Superior Court of the State of California in and for the County of Alameda seeking to have the 30-day suspension order set aside. An answer was filed to the petition, a hearing was held and the trial court reviewed the administrative proceedings. The court subsequently entered its judgment which sustained the findings and the 30-day suspension order of the commissioner. The court dismissed the alternative writ of mandate and denied the petition for writ of mandate. This appeal followed.

Appellant first contends that the testimony of one Dolan, a purchaser of a lot in the subdivision, was inadmissible hearsay because it related to a conversation had with an agent of Crest Realty other than appellant and because none of the parties to this transaction was present. We agree. The employer, Crest Realty, was not made a defendant in the proceeding and no conspiracy was charged. Thus, we see no justification for respondent's argument that the conversation was admissible as an exception to the hearsay rule to show common plan or scheme.

The admission of the foregoing hearsay evidence standing alone is not a ground for nullifying the action of the board. The rule is stated thusly in *Southern Calif. Jockey Club v. California etc. Racing Board,* 36 Cal.2d 167 at page 176 [223 P.2d 1]:

". . . the applicable rule is, that the admission of irrelevant or incompetent evidence by the board is not ground to annul its action if there is sufficient competent evidence to support its determination. (See *Maryland Casualty Co.* v. *Industrial Acc. Com.,* 178 Cal. 491 [173 P. 993] ; *Mesmer & Rice* v. *Industrial Acc. Com.,* 178 Cal. 466 [172 P. 1099] ; *Mary Len Mine v. Industrial Acc. Com.,* 64 Cal.App.2d 153 [148 P.2d 106] ; *Tagg Bros. & Moorhead* v. *United States,* 280 U.S. 420 [50 S.Ct. 220, 74 L.Ed. 524].)"

Aside from the hearsay testimony, there is ample evidence in the record of a substantial nature to sustain the 30-day suspension. The conflicts between the statements appellant alleges he made as opposed to those testified to by the purchasers were resolved by the trier of the facts. This court cannot entertain appellant's denial of the statements attributed to him as proof that they were not made because the credibility of witnesses as determined by the trier of fact

is conclusive when the question is simply one of conflict. (*Thompson* v. *City of Long Beach,* 41 Cal.2d 235, 240 [259 P.2d 649] ; *Marini* v. *Department of Alcoholic Beverage Control,* 177 Cal.App.2d 785, 786-787 [3 Cal.Rptr. 714].) Whether or not the appellant made the representations was a factual determination for the hearing officer. (*Stillman Pond, Inc.* v. *Watson,* 115 Cal.App.2d 440, 450 [252 P.2d 717].)

 Appellant also attacks the substantiality of the evidence in support of the finding that the representations that the house would be torn down were untrue when made. The hearing officer found the statement to be false and since the dilapidated house was standing at the time of the first hearing on September 19, 1958, three years after the representations were made, it cannot be said that there was no evidence to support his finding.

 Appellant next urges that there is no substantial evidence to support the finding that he made the misrepresentations of fact knowingly or intentionally. Since knowledge and intent are matters largely within the mind of the person charged, it frequently happens that direct evidence is unavailable. The trier of fact must view the circumstances surrounding the transaction as well as the statements themselves to determine the truth of the charges. In *Gagne* v. *Bertran,* 43 Cal.2d 481, the following appears at page 487 [275 P.2d 15] :

"To be actionable deceit, the representation need not be made with knowledge of actual falsity, but need only be an 'assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true' . . . Defendant's intent to induce plaintiffs to alter their position can be inferred from the fact that he made the representation with knowledge that plaintiffs would act in reliance thereon. . . ."

 Here, the fact that the purchasers were buying a new home in a new tract in which a single antiquated house remained standing lends credence to their testimony that they sought assurance from appellant that the building would be demolished. Completion of the sale under those conditions corroborates their testimony that appellant told them that the old building would be replaced. Direct evidence that appellant knew the representation to be false is not required. Nor was it necessary to prove as appellant argues that he intended to deceive the purchasers. Proof that appellant intended to and did induce the purchasers to enter into the contract of sale by the representations is sufficient. In the early case of

*Spreckels* v. *Gorrill,* 152 Cal. 383, at page 387 [92 P. 1011], the Supreme Court said:

". . . If one makes material false statements to another, to induce that other to buy an article and which does induce him to buy to his injury, the defrauding party either knowing them to be untrue, or believing them to be true, but having no sufficient ground for such belief, he will not be protected from liability for his fraudulent conduct by the fact that he did not intend to deceive the other party. Having actually deceived such other party and having profited by such deceit, he cannot be allowed to retain the advantage, or defeat liability, on the ground that he acted in good faith without actual intent to deceive. Nor is such intent, in such a case, a necessary element of the fraud which forms the basis of the cause of action. The intent which is essential is the 'intent to . . . induce another party to enter into the contract.' . . ." (See also *Gagne* v. *Bertran, supra*; 23 Cal.Jur.2d 66.)

Judgment affirmed.

Kaufman, P. J., and Draper, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 20, 1960.