[Civ. No. 7726. Fourth Dist. Nov. 9, 1964.]

ARROWHEAD HIGHLANDS MUTUAL SERVICE COMPANY, Petitioner, v. THE INDUSTRIAL ACCIDENT COMMISSION, JOHN L. RIES et al., Respondents.

Jaffee, Mallery, Thompson & Talbott, Jaffee, Mallery, Thompson, Talbott & Lemaster and Graham W. Talbott for Petitioner.

Edward Sarkisian, T. Groezinger, Loton Wells, Raymond M. Farley and John H. Bolson for Respondents:

BROWN (Gerald), J.—On January 20, 1963, John L. Ries, president of the petitioner, a small mutual water company located in the San Bernardino Mountains, sustained a compensable injury while defrosting a company pipe. Ries received $2.50 per hour for manual labor while working for the company.

Since 1938 the respondent State Compensation Insurance Fund has insured the employer. After the injury the employer was informed by the insurer that the president was excluded from coverage under an exclusion clause providing:

"Unless specifically stated in the Schedule or covered by endorsement hereon, this Policy does not cover the following risks, persons, operations, work or employments:

". . . . . . . . . . . .

"If the Insured be a corporation, any work or duties performed by any person having the title of President, . . . Secretary, . . . Treasurer, . . ."

and the "Schedule—Description of Principal Work Covered" clause:

"WATERWORKS, OPERATIONS, ALL EMPLOYEES, INCLUDING CONSTRUCTION OR EXTENSION OF LINES . . .

"EXECUTIVE OFFICERS COVERED:

"SECRETARY (8810)

"TREASURER (8810)"

The matter was submitted to a referee who held that Ries was covered by the policy. He reasoned that the phrase "all employees," as used in the "Description of Principal Work Covered," was:

". . . a sufficiently specific statement of coverage to extend the benefits of the policy to the applicant [Ries], even though he bore the title of president."

or

". . . even if . . . the phrase 'all employees' is not sufficiently specific to extend coverage to a president-employee,

the phrase 'all employees' creates . . . an ambiguity when construed . . . with the . . . exclusion. . . .''

The Industrial Accident Commission reversed the decision of the referee, and held that the plain language of the policy excluded the president. Observing that the ''Secretary'' and ''Treasurer'' were expressly given coverage in the ''Description of Principal Work Covered,'' but the ''President'' was not, the Commission reasoned that to construe the phrase ''all employees'' as including the president would make the exclusion clause meaningless. This petition for review followed.

We believe that the exclusion clause excepting the president from coverage when read in conjunction with the schedule giving coverage to ''all employees'' creates an ambiguity.

The Labor Code, section 3351 defines an employee as: ''. . . every person in the service of an employer under any appointment or contract for hire . . . express or implied, oral or written, . . . and includes:

''. . . . . . . . . . . . .

''(c) All officers . . . of quasi-public or private corporations while rendering actual service . . . for pay.''

This section makes it clear the paid president of a corporation is an employee. Ries was receiving pay for his manual labor at the time of his injury. Thus, on the one hand the exclusion eliminates the president while on the other, the ''Description of Principal Work Covered'' includes ''all employees.'' Applying the recognized rule of resolving uncertainties against the draftsman we hold that Ries was covered at the time of his injury (Civ. Code, § 1654; *Maryland Cas. Co.* v. *Industrial Acc. Com.*, 178 Cal. 491 [173 P. 993]; *National Auto. etc. Co.* v. *Industrial Acc. Com.*, 80 Cal.App. 2d 769 [182 P.2d 634]). Public policy also supports this interpretation (*Maxfield Wilton etc. Inc.* v. *Industrial Acc. Com.*, 19 Cal.App.2d 606 [65 P.2d 1354]).

The award is annulled; the matter is remanded to the Industrial Accident Commission with directions to enter an order conforming to this opinion.

Griffin, P. J., and Coughlin, J., concurred.

A petition for a rehearing was denied December 4, 1964, and the petition of respondent State Compensation Insurance Fund for a hearing by the Supreme Court was denied January 6, 1965.