## PERRY CANNING CO. et al. v. INDUSTRIAL COMMIS-SION et al.

No. 4833.   Decided August 26, 1929.   (281 P. 467.)

1

*Bagley, Judd & Ray,* of Salt Lake City, for appellants.

*Geo. P. Parker,* Atty. Gen., and *M. Logan Rich,* Asst. Atty. Gen., for Industrial Commission.

*Allen G. Thurman* and *D. M. Draper,* both of Salt Lake City, for respondent.

STRAUP, J.

This proceeding involves a review of an award made by the Industrial Commission in an industrial case. J. H. Ward, the applicant was injured on a public highway by the overturning of an automobile driven by him. Ward admittedly was in the employ of both the Perry Canning Company and the Brigham City Canning Company to inspect crops of fruit and to solicit contracts to purchase them for both companies. No claim is made that the injury did not occur in the course of the employment or that the applicant was not entitled to compensation.

The Perry Canning Company was insured by the Royal Indemnity Company and the Brigham City Canning Company by the Aetna Life Insurance Company. The commission made an award only against the Perry Canning Company and its insurance carrier, but not against the Brigham City Canning Company or its insurance carrier. The Perry Canning Company and its insurance carrier, by this proceeding, seek a review of the proceedings before the commission, claiming that the finding and conclusion made by it, that Ward "at the moment of the injury" was engaged solely in a duty performed for and on behalf of the Perry Canning Company, are against and not supported by the evidence and are inconsistent with other findings made by the commission, and that the evidence without substantial conflict shows that the injury resulted in the course of the employment of both companies, and hence the award ought

to have been made against both and against both insurance carriers.

We think the contention is well founded. The Brigham City factory is located near Brigham City; the Perry Canning Company at Perry, about 3½ miles south of Brigham City. That Ward was employed by both companies to inspect fruit crops and to solicit growers to sell them is not disputed. There was no divided or otherwise designated territory, where growers in one territory were solicited for the one company and in other territory for the other company. The applicant was at liberty to call on and solicit growers to enter into contracts of purchase, regardless of territory, and did so. Sometimes growers contracted to sell their crops to the company whose factory was nearest to the crop. But growers were not solicited or required to do so. They often did not do so. The matter was entirely optional with them. The applicant, regardless of territory, did not favor, nor was he permitted to favor, one company as against the other, or in his solicitations to give a preference to either.

The commission found that the applicant "was employed jointly by" both companies. That finding is not questioned. In making his inspection and soliciting contracts, the applicant used and drove his own car. He was not paid jointly by the companies, but was paid by each for work done and for contracts obtained for each. On the day in question the applicant solicited growers and inspected crops for both companies. He was not soliciting or working for the one company, any more than for the other. The accident occurred about 1 o'clock in the afternoon. On the morning of that day the applicant started out on his work, soliciting and inspecting crops for both companies. In the forenoon he visited and inspected crops of growers who had contracted or who contracted to sell their crops to the Brigham City Canning Company, and just before noon solicited a grower and inspected his crop or crops who had contracted or who contracted to sell some of his crops to the Brigham

City factory and some to the Perry Canning factory. The commission so found.

The applicant took his lunch at Brigham City and then started and was on his way to solicit a grower, a Mr. Barker, whose crop was nearer to the Perry Canning Company than to the Brigham City Canning Company. On his way, and before he reached the place of such grower, the applicant on the highway met with the accident. He was requested by the Perry Canning Company to visit such grower. But that, as testified to by the applicant and not disputed by any one, was unimportant, for he at times, as he testified, visited growers for prospective contracts at the request of the one factory or the other; but in such case he left it with the option of the grower whether he would contract with the one company or with the other, or with both, and, if a grower did not choose to contract with the one, the applicant attempted to obtain a contract for the other. The situation in such respect is best described by the testimony of the applicant, and in substance not disputed by any one. He testified as follows:

"Q. For what purpose were you going to see him [Barker]? A. To interview him in regard to his fruit crop, cherries and apricots.

"Q. With the idea of buying that crop for any one of the companies? A. He could suit himself; just to buy the crop.

"Q. If he wanted to sell it? A. If he wanted to sell it.

"Q. As far as you were concerned, he could sell to either the Brigham City Canning Company or the Perry Canning Company? A. Yes.

"Q. You had instructions from both companies to interview him to that end? A. I had received this man's name from the Perry Canning Company.

"Q. Didn't you just say that you were going to interview him with the idea of selling the crop to both companies? A. I don't know whether he was going to sell to both, but I would interview him on that basis, or he could sell it to either.

"Q. To either he wanted? A. There are cases where they have certain crops, you see, maybe a cherry crop, and they are more friendly to one factory than the other; it makes no difference to me which they go to.

"Q. If Mr. Barker said he preferred to contract his fruit to the Perry Canning Company, you would have purchased his crop on that basis?  A. I would say so.

"Q.  And just the same with the Brigham City Canning Company; they expect you to take contracts from anybody that is willing to sell their crop to them; is that right?  A. Yes.

"Q. That is, if the crop meets with your approval?  A. Yes.

"Q. In other words, in this case you were working just as much for one company as for the other?  A. Yes.

"Q. Notwithstanding the fact the Perry Canning Company suggested you drop in there to see him?  A. Yes.  In that particular case I would have suggested that he sell to the Perry Canning Company, if I contracted with him.

"Q. But you were ready to receive an order for the Brigham City Canning Company?  A. Yes.

"Q. In other words, you were just as much on the business of the Brigham City Canning Company as you were the Perry Canning Company?  A. You would have to term it that way. * * *

"Q. Would the Brigham City Canning Company ever suggest any man's name for you to go to see?  A. Yes.

"Q. And the Perry Canning Company would?  A. Yes.

"Q. You were not limited in your visits to those suggested by either company?  A. No.

"Q. You could use your own judgment in that respect; when you went to visit a prospect crop seller, if they suggested the Brigham City Canning Company, that they wanted to sell the crop to, you made no objections to that?  A. No.

"Q. The same is true if they suggested they wanted to sell their crop to the Perry Canning Company?  A. Yes; just the same thing."

Had the applicant not been injured, and had he reached and solicited Barker for a contract to purchase his crop or crops, it cannot be told whether the grower would have contracted with the one company or the other, or with both, or with neither.

From all this we think it clearly appears that the finding made and the conclusion reached by the commission, "that at the moment of the injury" the applicant was "engaged on duty solely connected with the Perry Canning Company," and for that reason the award was required to be made solely against that company, and not against both, are unwarranted. That the applicant was injured just before or after

he had solicited or inspected crops of a grower or growers who had or who contracted with the one company or the other, or with both, or with neither, or was injured on his way to solicit a prospective grower, whether at the request of the one company or of the other, or otherwise may have received information of a prospect to obtain a contract from a grower for the one company, or for the other, or for both, are not, as we think, determinative factors, justifying splitting or segregating the applicant's employment, which, as found by the commission, was a joint employment with both companies.

We thus are of the opinion that the award ought to have been made against both companies, and against the insurance carriers of both, who chiefly are waging this controversy.

The cause thus is remanded back to the commission, to make and enter such an award.

CHERRY, C. J., and ELIAS HANSEN, EPHRAIM HANSON, and FOLLAND, JJ., concur.