[Civ. No. 4711. Third Appellate District.—September 15, 1932.]

NEW YORK INDEMNITY COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA, LEONCIO ALONSO et al., Respondents.

Cleveland R. Wright and Hadsell, Sweet & Ingalls for Petitioner.

A. I. Townsend for Respondents.

THOMPSON (R. L.), J.—The petitioner seeks to review an award of damages which was rendered by the Industrial Accident Commission in favor of Leoncio Alonso against the New York Indemnity Company and the State Compensation Insurance Fund, jointly, as separate insurers of co-employers of the claimant who was injured in the course of his employment.

William Crawford owned a tract of rice land in Yolo County. He lacked experience in raising rice. He had

been engaged in milling rice under the firm name of Woodland Rice Milling Company. He was desirous of attempting to produce rice on his Yolo County farm. There were three brothers by the name of Santos, residing in Yolo County, who were experienced rice growers. They were organized as copartners for the purpose of conducting a rice-growing business. Through the aid of Mr. Crawford, a lease of 151 acres of rice land adjoining his ranch was procured for the Santos brothers. In 1931, Mr. Crawford and the Santos brothers entered into an oral agreement to conduct a joint enterprise of cultivating and harvesting the rice crops which were growing upon their respective adjoining ranches. It was agreed that Crawford would supply the necessary farm machinery and that Santos brothers should keep the machinery in repair and select and superintend a crew of farm-hands to perform the labor of harvesting the rice crop on their respective adjoining ranches. Crawford agreed to finance this joint adventure. The employees were to be paid a reasonable per diem wage, which was to be charged against and finally paid by the respective owners for the work which was performed on the property of each of them. John Santos, who was one of the partners, was designated to superintend the operations on both ranches. Regarding this agreement to jointly employ a crew of men and co-operate in harvesting the rice crop on both ranches, William Crawford testified: "I was instrumental in securing (the lease of the 151 acres adjoining my ranch) for the Santos boys . . . in order to have them adjacent (and) *to consolidate our work* and experience. We entered into an agreement. . . . I owned . . . certain equipment, threshing machines, binders. . . . The Santos boys would have the free use of the same in the harvesting of their rice crop. . . . I had had no experience. . . . I spoke to John Santos . . . *and asked that he assemble a crew* (for our work) and supervise the same during the harvest. He was also to superintend and see that the equipment . . . (was kept in condition for use). . . . Alonso was one of the crew that John Santos assembled under this arrangement. . . . (I told) him to get a crew that would be sufficient to carry on the work efficiently, to get as efficient a crew as possible to minimize expense." Crawford further testified he "would see that sufficient finances were

given (Santos brothers) to carry through their crop and mine to completion''.

This agreement was made with the common purpose of using one crew of men on both ranches to expedite the work and economize the expense. The harvesting of the crops of rice on these adjoining ranches was a joint enterprise. The petitioner, New York Indemnity Company, was the separate insurer of Santos brothers. The State Compensation Insurance Fund was the separate insurer of William Crawford.

Pursuant to the foregoing agreement, Santos brothers selected a crew of about six men. This crew included the claimant, Leoncio Alonso. Under the supervision of John Santos, the work of harvesting the rice crop was commenced with this crew on the Santos property. The soil on this ranch proved too wet for satisfactory harvesting. The same crew of men was therefore transferred to the adjoining Crawford property, where they proceeded to harvest his crop of rice, under the supervision of John Santos. The claimant, Leoncio Alonso, was engaged in driving a Fordson tractor to which a rice binder was attached. On the third day of his employment on the Crawford ranch, Alonso was attempting to cross a ridge when the tractor upset, falling upon him and fracturing a leg and causing severe burns about the thigh. He was taken to a hospital by John Santos and paid by the Santos brothers for the services which he performed on the Crawford ranch. His wages while engaged upon these premises were charged to Crawford and subsequently paid by him. A demand for compensation was made in due time and an award was allowed the claimant against both the New York Indemnity Company and the State Compensation Insurance Fund, on the theory that they were separate insurers of joint employers of the claimant. The Commission found that ''Leoncio Alonso, while employed as a tractor driver . . . by Santos brothers, as general employer, and William Crawford, as special employer, sustained injury arising out of and in the course of his employment'', and that the New York Indemnity Company, as the insurer of Santos brothers, and the State Compensation Insurance Fund, as the insurer of William Crawford, were jointly liable for the payment of this compensation.

The petitioner contends that these findings are not supported by the evidence; that the claimant was injured while working on the Crawford premises for his exclusive benefit and under the supervision of his foreman, John Santos; that the New York Indemnity Company was not an insurer of Crawford, and that the award of damages against the petitioner is therefore erroneous and void.

When the record contains substantial evidence to support the findings of the Commission, the award should be sustained. ■ We are of the opinion the findings are amply supported by the evidence in the present case. It satisfactorily appears that Santos brothers and Crawford were engaged in a joint enterprise of harvesting their respective crops of rice growing upon separate adjoining premises, when the claimant was injured, and that they united in employing him for that service. By their oral agreement Crawford supplied the machinery and financed the enterprise. Santos brothers, who were experienced in rice growing, selected the crew of workmen, superintended their work through John Santos, one of the partners, and kept the machinery in repair. It is immaterial that the wages of these workmen were charged to and ultimately paid by the respective owners for the time actually employed on their separate ranches. The workmen were employed to harvest both crops for the mutual benefit of both owners. It was therefore a joint enterprise.

■ Where two or more parties engage in a joint enterprise, in the performance of which they unite in the employment of workmen, one of whom is injured in the course of that employment, both joint adventurers are liable for compensation just as the members of a copartnership are liable under similar circumstances. This liability will attach to both parties to a joint enterprise even though one may be the general employer and the other a mere special employer. It is held that when two or more parties are mutually benefited by an enterprise, for the conducting of which they hire workmen who are injured in the performance of their duties, even though one of the parties is a general employer and the other a mere special employer, both may be liable for compensation. (*Employers' Liability Assur. Corp.* v. *Industrial Acc. Com.*, 179 Cal. 432 [177 Pac. 273]; *Diamond Drill Contracting Co.* v. *Industrial*

*Acc. Com.,* 199 Cal. 694 [250 Pac. 862] ; *Independence Indem. Co.* v. *Industrial Acc. Com.,* 203 Cal. 51 [262 Pac. 757] ; *Umsted* v. *Scoffield Eng. Const. Co.,* 203 Cal. 224 [263 Pac. 799].) ▉ In attempting to distinguish these causes from the facts of the case at bar, the petitioner asserts that the Santos brothers received no benefit from the agreement to co-operate in the harvesting of the respective rice crops. We think the petitioner is mistaken in that regard. Crawford agreed to furnish the machinery and finance the enterprise. This was a distinct benefit to the Santos brothers. One crew of men was employed for both ranches. By this means they were enabled to expedite the work and economize the expense. When they found the soil of the Santos place too wet, instead of discharging or laying off the men, they were transferred to the Crawford property and the harvesting proceeded without delay. They were able to perform the work with one foreman. John Santos acted in that capacity without pay. His service as foreman and the experience of the Santos brothers as rice producers were offset by the furnishing of machinery and the financing of the enterprise by Crawford. This furnishes ample evidence of adequate benefit secured by the Santos brothers to support the agreement for this joint enterprise and bind both employers.

There is sufficient evidence to support the respondents' contention that both employers had a right to exercise control over the conduct of these employees. The respondents do not deny the joint liability of Crawford. John Santos selected the workmen and superintended their services on both ranches. He took the claimant to the hospital for treatment after the accident occurred. Santos brothers paid his wages for the time during which he was employed on the Crawford ranch, although that sum was charged to, and ultimately paid by Crawford. During the examination of John Santos, he testified regarding the right of Santos brothers to direct and control the action of the claimant while he was employed on the Crawford ranch, as follows: "Q. Could Crawford have come in there and stopped Alonso from working at any time he wanted to? A. Why, I do not think so. . . . He would tell me, and it would be up to me. . . . Q. During the time that you were working on Crawford's land, did Crawford ever actually

give any orders to the men that you had furnished? A. No, not that I know of. . . . Q. Did you consider that you had the right to fire any of those men at any time? A. Sure." This furnishes sufficient evidence, in conjunction with the testimony of Mr. Crawford respecting the agreement to co-operate in the joint enterprise of harvesting the separate crops of rice, to support the findings to the effect that Santos brothers were joint employers of the claimant together with Crawford; that they had authority to control the services of the claimant, even to the extent of discharging him, and that they were therefore jointly liable with Crawford for compensation for his injuries, in spite of the fact that the accident occurred on the premises of Crawford.

The award is affirmed.

Preston, P. J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 15, 1932, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 14, 1932.