[Civ. No. 10411.    Second Appellate District, Division One.—November 8, 1935.]

CROWN CITY LODGE, I. O. O. F., No. 395, et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and O. W. CHISUM, Respondents.

F. Britton McConnell and W. H. Abrams for Petitioners.

Everett A. Corten and Emmet J. Seawell for Respondents.

HOUSER, P. J.—Although not complete in minute detail, the controlling facts in this matter (which in substance are not in dispute. herein) appear to be that in the course of the construction of a building by the Crown City Lodge, I. O. O. F., No. 395 (petitioner here), an original bid for the installation of electrical wiring in said building was submitted to said Lodge by Bhend Electrical Construction Co. Said bid included the following provisions:

"Will install the above job according to the above schedule on a time material basis (cost plus 10%) and guarantee the sum not to exceed either contract amount of Alternate #1 or #0. Will employ any member belonging to I. O. O. F., #395 who is a qualified journeyman or helper in the City of Pasadena, *but will insist on furnishing the foreman to represent our firm* as well as satisfying the City of Pasadena Inspection Department."

Before said bid was accepted by the Lodge, a re-figured estimate of the cost of labor and materials, computed at $2,438.65, was submitted by Bhend Electrical Construction Company to the Lodge, to which estimate was appended the following statement, to wit:

"*Insurance and inspection included in above bid.*

"Will install the above wiring on a Time and Materials cost plus 10% basis and *guarantee not to exceed the above amount and to employ only one outside man as our foreman*

others to be members of Crown City Odd Fellows in either contract or time and materials basis.''

Following the acceptance by the Lodge of such re-figured offer, the Lodge designated as workmen on the job three of its members, who were electricians, and who thereafter were employed on the job; and the Bhend Electrical Construction Company supplied thereon ''one outside man as . . . foreman'', named Chisum, who was then, and for several years theretofore had been, in the employ of the Bhend Electrical Construction Company. As the work progressed, the Lodge paid the current expense therein incurred, including the wages of Chisum and the other workmen. At the request of Bhend Electrical Construction Company, the Lodge was also to pay the expense of workmen's insurance. The work of construction of the entire building was done under the general supervision of a committee of the members of the Lodge that had been appointed by it; and one Gilkinson, who was a member of said committee, represented it on the job. The special work of installing the electric wiring, which was the subject of the agreement between the Lodge and the Bhend Electrical Construction Company, was to be performed in accordance with certain plans and specifications which were delivered by Gilkinson to Chisum at the time when the latter appeared on the job; but as occasion arose from time to time, Gilkinson showed Chisum the location in the building, as per such plans and specifications, of various ''outlets'', fixed the time when the electricians should commence work each day, and kept their time; but gave Chisum no directions or orders with reference to the manner in which the work was to be accomplished. As materials were needed, Chisum reported the necessary requirements in that regard to the Bhend Electrical Construction Company, and it caused such materials to be delivered on the job. In the course of the installation of the electric wiring, on several occasions the electricians ''caught up'' with the carpenter and other work already done on the building, at each of which times Chisum notified Gilkinson that it would not ''pay'' to have the electricians at work until more carpenter or other work had been completed;—whereupon the electricians would ''lay off'' or suspend work on the Lodge job until Chisum saw fit to resume work thereon. In the meantime Chisum worked on other buildings that were being electrically wired by the Bhend

Electrical Construction Company. Before the electric wiring on the Lodge building was completed, several changes were made in the original plans and specifications, the cost of the installation of which was added to the "estimate" of the original cost of the electric wiring, and thus became an item in the final cost of the labor and material of said electrical wiring; which sum, plus 10 per cent thereof, was paid to Bhend Electrical Construction Company, as per the agreement between the parties, and represented the total cost of the wiring of the building.

While performing labor under the conditions hereinbefore set forth, Chisum sustained injuries, for and on account of which, on his application made to the respondent commission, an award was made by the latter to Chisum as against the insurer of the Lodge; and which award having become final as far as the respondent commission was concerned, has become the subject of this inquiry.

In effect the contention of the petitioner herein is that the evidence did not support the finding of fact made by the respondent commission, in substance, that at the time when Chisum sustained his said injuries he was an employee of the Lodge; but that, to the contrary, the evidence indubitably established the fact that at such time Chisum was an employee of the Bhend Electrical Construction Company, which was an independent contractor on the work in which Chisum was engaged.

It was held in the case of *Hillen* v. *Industrial Acc. Com.*, 199 Cal. 577, 580 [250 Pac. 570], and later followed in the cases of *La Franchi* v. *Industrial Acc. Com.*, 213 Cal. 675, 676 [3 Pac. (2d) 305], and in *Metropolitan C. Ins. Co.* v. *Industrial Acc. Com.*, 117 Cal. App. 369, 371 [4 Pac. (2d) 190],—whether the relation of employer and employee exists is a "question of mixed law and fact to be proved like any other question"; and excepting where the record discloses an entire absence of evidence in support of a finding of fact made thereon by the commission with relation to such question, such finding is binding on the court. But it is manifest that in its entirety, such ruling is applicable only when the primary and controlling facts with reference to the question of whether the relationship of employer and employee exists between the parties are actually in dispute. In other words, when it appears that the material facts either are stipulated

by the respective parties, or that no conflict as to such facts exists in the evidence as presented by them respectively, and consequently that, in effect, only a conclusion of law could be made with reference to such facts, a ruling by the commission on the law with respect thereto is not conclusive, as far as the right by an appellate tribunal to review such a decision is concerned. In 4 California Jurisprudence, page 1111, it is said: "When a finding or conclusion of fact is based on uncontradicted evidence, its accuracy becomes a mere question of law, and in that event the question may be reviewed, if it goes to the jurisdiction." (Citing numerous authorities.)

It is clear that Chisum himself was either an employee of the Bhend Electrical Construction Company, or of the Lodge. If the stated facts warrant the ultimate finding of fact that Chisum was an employee of the Lodge, the conclusion reached in that regard by the respondent commission may not be disturbed. On the other hand, in the circumstances, if in fact, Chisum was the employee of Bhend Electrical Construction Company and that corporation was an independent contractor, the award made by respondent commission is properly a subject of attack. In that connection, the agreement between the parties, as hereinbefore has been substantially set forth, very clearly indicates that (paraphrasing the language in 13 Cal. Jur. 1014, where the term "independent contractor" is defined, as determined in numerous cases therein cited),—in rendering the services contemplated by the provisions of the said agreement, Bhend Electrical Construction Company exercised an independent employment or occupation and represented the Lodge only as to the *results* of the work that was the subject of the agreement between the parties, and not as to the *means* whereby it was to be accomplished;—from which it follows that, within the meaning of the law as applied to the undisputed facts in the case, Bhend Electrical Construction Company was an independent contractor. As to whether Chisum was an employee of the Lodge, the provisions of the written agreement established the fact to a certainty that, both in making its original bid for the job and in its subsequent re-figured estimate and proposition connected therewith, *Bhend Electrical Construction Co.* agreed, (1) to "employ any member belonging to I. O. O. F., #395 who is a qualified journeyman or helper . . . *but will*

*insist on furnishing the foreman* (Chisum) *to represent our firm"*; and (2) *"to employ only one outside man as our foreman* (Chisum), others to be members of Crown City Odd Fellows . . . "

In that regard, no subsequent written agreement of the parties, nor any executed oral understanding between them, *in any way modified the written contract, under the provisions of which the work was being done.* It is true that, in the absence of the specific written agreement between the parties with reference to their relationship one with the other, certain facts, such as the payment by the Lodge of the wages of the employees, the presence of Gilkinson on the job as possibly in effect its general superintendent, and his action *in showing Chisum the location of* "outlets" *in the building,* as distinguished from their location as indicated on the plans and specifications, might have furnished some slight evidence from which it might have been inferred that Chisum was employed by the Lodge; but in the face of the controlling provisions of the written agreement between the parties, none of such facts, nor all of them combined, may be said to furnish *sufficient evidence to justify the conclusion that Chisum was* the employee of the Lodge. It is common knowledge that all the acts performed by the Lodge, through Gilkinson, were such as usually are performed by an owner of property, where, under a written contract, a residence or other building is being constructed. In the instant case, the essential and determinative element of "right of control" by the Lodge of Chisum as its employee, was entirely lacking. The Lodge did not hire Chisum, nor did it possess the right to discharge him from his employment as foreman on the job. The Lodge was concerned with the result only of the work that was being performed, but in no manner was the Lodge legally interested in the means by which such results were to be accomplished.

The award is annulled.

York, J., and Doran, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 6, 1936.