[Civ. No. 15679.   Second Dist., Div. Three.   July 8, 1947.]

NATIONAL AUTOMOBILE AND CASUALTY INSUR-
ANCE COMPANY, Petitioner, v. INDUSTRIAL ACCI-
DENT COMMISSION and FRANK PITT et al., Re-
spondents.

Walter B. Henretty and Henry G. Sanford for Petitioner.

R. C. McKellips, John A. Rowe, Jr., Donald Gallagher, Edward C. Neely, and Royle A. Carter for Respondents.

SHINN, Acting P. J.—Petitioner, the insurance carrier of Glenn Growers Cooperative, Incorporated, hereinafter called Cooperative, seeks annulment of an award made against it by respondent commission on the two grounds that (1) the claimant, Frank Pitt, was not at the time of his injury acting within the course of his employment by the Cooperative, and (2) was not covered by petitioner's policy of compensation insurance. In support of the first ground petitioner contends that Pitt at the time of his injury was either working solely in the course of his employment by Eibe and Huffman Warehouse Company, Incorporated, hereinafter called Warehouse Company, in which event petitioner should wholly escape liability, or working in the course of a joint employment by the Cooperative and the Warehouse Company, in which event petitioner's liability should be reduced proportionately. Respondent commission found, in effect, that Pitt was injured solely in the course of his employment by the Cooperative. The initial issue therefore is whether Pitt was solely employed by the Cooperative or employed both by the Cooperative and the Warehouse Company. The facts of the employment relationship between Pitt, the Cooperative, and the Warehouse Company existing at the time of the injury are not in dispute. These facts were proven by the testimony of Pitt, then the manager of both the Cooperative and the Warehouse Company, and of McGowan, president of both corporations. There is no conflict in the testimony of these two men. They were the principal, and for all practical purposes, the sole actors in the effectuation of the relationship.

The Cooperative operated a rice drier which adjoined the buildings of the Warehouse Company. Pitt served as the manager of both concerns, but his salary and the compensation insurance premiums thereon were paid entirely by the Cooperative, pursuant to an oral arrangement it had with the Warehouse Company during the entire period of Pitt's dual

employment. The arrangement was that solely in return for Pitt's services as manager of the Warehouse Company, it made available its scales and a portion of its premises, including part of its warehouse, to the Cooperative. Pitt's injury occurred in the part of the warehouse used by the Warehouse Company, and at that time he was engaged in the supervision of a shipment of rice by the Warehouse Company. However, Pitt divided his working time between the two concerns and when engaged in the work of the one, he was always on call by the other.

As previously indicated, respondent commission found in effect that Pitt's injury occurred solely in the course of and arose out of his employment by the Cooperative. The findings and conclusions of the commission on questions of fact are conclusive and final and are not subject to review. (Lab. Code, § 5953.) But here the facts are not in dispute and the commission's implied finding of sole employment by the Cooperative is in reality a conclusion of law from the undisputed facts. ■ This court is charged with the duty of determining whether or not the commission has exceeded its jurisdiction by making any of its findings contrary to the evidence or without supporting substantial evidence. (Lab. Code, § 5952 (a), (d); *Nielsen* v. *Industrial Acc. Com.*, 220 Cal. 118, 122 [29 P.2d 852, 30 P.2d 995]; *Hartford A & I. Co.* v. *Industrial Acc. Com.*, 139 Cal.App. 362, 365 [33 P.2d 686]; *F. W. Woolworth Co.* v. *Industrial Acc. Com.*, 17 Cal. 2d 634, 636 [111 P.2d 313].) ■ In cases involving the question whether the claimant was an employee or an independent contractor, the rule has been evolved that this question, which frequently is one of both law and fact, becomes solely one of law when but one inference can be reasonably drawn from all the facts. (*Schaller* v. *Industrial Acc. Com.*, 11 Cal.2d 46, 50-51 [77 P.2d 836]; *Yucaipa Farmers Coop. Assn.* v. *Industrial Acc. Com.*, 55 Cal.App.2d 234, 238 [130 P.2d 146]; *Crown City Lodge* v. *Industrial Acc. Com.*, 10 Cal.App.2d 83, 86-87 [51 P.2d 143].) We believe that this rule by analogy fits the situation before us. The only inference that may properly be drawn from the facts of the instant case is the one of dual employment of Pitt by the Cooperative and the Warehouse Company. Petitioner is therefore entitled to object to the erroneous discharge by the commission of the insurance carrier of the Warehouse Company. (*Hartford A. & I. Co.* v. *Industrial Acc. Com.*, 8 Cal.2d 589, 591 [67 P.2d 105].)

The commission's legal conclusion of sole employment by the Cooperative cannot be sustained. As will be developed more fully, its referee's holding to that effect involved a patent misconstruction of the purpose and effect of the arrangement between the Cooperative and the Warehouse Company as to Pitt's employment. ▇ Moreover, the holding was based upon the erroneous conception that the employers could by agreement between themselves control the matter of their liability. This conception runs counter to the now well-established principle in workmen's compensation cases in this state that no apportionment of liability between employers or their insurance carriers can affect a claimant's rights against them. (*National Auto. Ins. Co.* v. *Industrial Acc. Com.,* 23 Cal.2d 215, 221 [143 P.2d 481] ; *American M. Ins. Co.* v. *Industrial Acc. Com.,* 8 Cal.2d 585, 588 [67 P.2d 103].) Finally, as will be amplified, the facts of the employment relationship before us, when analyzed, point clearly to the conclusion of dual employment rather than single employment. ▇ The fact that Pitt received his entire salary from the Cooperative does not establish that concern to be his sole employer. (*Guarantee Ins. Co.* v. *Industrial Acc. Com.,* 22 Cal.2d 516, 520 [139 P.2d 905] ; *Independence Indemnity Co.* v. *Industrial Acc. Com.,* 203 Cal. 51, 58 [262 P. 757].) ▇ The fact that the Cooperative alone paid the compensation insurance premiums upon Pitt's salary is likewise inconclusive. (*American M. Ins. Co.* v. *Industrial Acc. Com., supra.*) ▇ Similarly, the fact that no part of Pitt's salary was paid to him directly by the Warehouse Company does not prevent the existence of an employment relationship between them. (*Dept. of Nat. Resources* v. *Industrial Acc. Com.,* 216 Cal. 434, 438 [14 P.2d 746] ; *Union Lumber Co.* v. *Industrial Acc. Com.,* 12 Cal.App.2d 588, 595-596 [55 P.2d 911] ; *Claremont C. Club* v. *Industrial Acc. Com.,* 174 Cal. 395, 398 [163 P. 209, L.R.A. 1918F 177].) The terms of the arrangement between the Cooperative and the Warehouse Company as to Pitt's employment show that no part of the services rendered by him to either concern was gratuitous and that the Warehouse Company in reality bore its share of the cost of his services by furnishing to the Cooperative, in return for Pitt's services to the Warehouse Company, the use of certain of its property rent-free. ▇ The right to control and direct Pitt's work in detail, whether exercised or not, was possessed by both concerns and gave rise to an employment relationship

between Pitt and both of them. (*Industrial Ind. Exch.* v. *Industrial Acc. Com.*, 26 Cal.2d 130, 135 [156 P.2d 926].) The commission's finding to the effect that the Cooperative was Pitt's sole employer is contrary to and unsupported by the evidence.

The dual employment of Pitt being established, there remains the question whether as a matter of law such employment was concurrent or joint. The Cooperative claims that Pitt's dual employment was concurrent and therefore that at the time of his injury he was acting only within the course of his employment by the Warehouse Company. It is true that at the time of his injury Pitt was in the portion of the warehouse used by the Warehouse Company rather than the Cooperative and was engaged in supervising a shipment of rice by the Warehouse Company in which the Cooperative had no interest. Consequently his work at the moment of injury was directly for and under the immediate control of the Warehouse Company. Moreover, the more usual bases for the holding of joint employment do not exist here. So far as the record shows there was no joint hiring. (Cf. *Page Engineering Co.* v. *Industrial Com.*, 322 Ill. 60 [152 N.E. 483, 485].) These two employers were not engaged in some species of joint enterprise for their mutual benefit. (See *New York Indem. Co.* v. *Industrial Acc. Com.*, 126 Cal.App. 37, 41 [14 P.2d 160]; *Ragos* v. *Industrial Acc. Com.*, 83 Cal. App. 313, 316 [256 P. 487].) Pitt was not engaged at the moment of his injury in the common work of both. (See *Press Publ. Co.* v. *Industrial Acc. Com.*, 190 Cal. 114, 118 [210 P. 820]; *San Francisco-Oakland Terminal Rys.* v. *Industrial Acc. Com.*, 180 Cal. 121, 125 [179 P. 386]; *Standard Acc. Ins. Co.* v. *Industrial Acc. Com.*, 123 Cal.App. 443, 444 [11 P.2d 401]; *Stresenreuter, Inc.* v. *Industrial Com.*, 322 Ill. 187 [152 N.E. 548]; *Butler* v. *Industrial Com.*, 50 Ariz. 516 [73 P.2d 703, 706]; *Perry Canning Co.* v. *Industrial Com.*, 75 Utah 1 [281 P. 467, 469].) On the other hand, the elements of concurrent employment do not exist here. Pitt's employers did not act independently of each other in their employment of him. (Cf. *Western Metal Supply Co.* v. *Pillsbury*, 172 Cal. 407, 418 [156 P. 491, Ann.Cas. 1917E 390].) There was not a separate and individual employment of him by each. (Cf. *Becker* v. *Industrial Acc. Com.*, 212 Cal. 526, 533 [298 P. 979]; *Kinsman* v. *Hartford Courant Co.*, 94 Conn. 156 [108 A. 562].) His duty to serve the one was not independent of his corresponding duty to serve the other.

(Cf. *Bamberger Elec. R. Co.* v. *Industrial Com.,* 59 Utah 257 [203 P. 345, 346] ; *Kirkpatrick* v. *Yeamans Motor Co.,* 143 Kan. 510 [54 P.2d 960, 964].)

The answer to the legal question whether the dual employment of Pitt was concurrent or joint turns upon the correct construction of the purpose and effect of the arrangement between Pitt's two employers concerning his employment. ▮ The fact that Pitt, under the arrangement, was carried only on the payroll of the Cooperative does not militate against the conclusion of joint employment. (*San Francisco-Oakland Terminal Rys.* v. *Industrial Acc. Com., supra,* 125-126.) ▮ As previously indicated, under the arrangement the Warehouse Company in reality bore the cost of Pitt's services to it. It is true that Pitt's services to his two employers was several in the sense that he did not do the particular work of both simultaneously. But just as the burden of his salary was shared between them, so were his services likewise shared between them. He did not give a specific portion of his working time to each but all of it to both. (Cf. *Sargent* v. *Knowlson Co.,* 224 Mich. 686 [195 N.W. 810, 811, 30 A.L.R. 993].) This is shown by Pitt's testimony that when working for the one, he was always on call by the other. McGowan, the common president of the two employers and apparently Pitt's immediate superior, also understood the purpose and effect of the arrangement to be one of joint employment of Pitt. That is the plain purport of his testimony to the effect that when injured Pitt was performing not only his duties as manager of the Warehouse Company but also his duties as manager of the Cooperative, pursuant to the arrangement between the two concerns. That arrangement was such that his employment for each corporation required him also to work for the other. It is a reasonable inference from the testimony of these two men regarding Pitt's employment relationship to the two concerns that had his services to the one been unsatisfactory, the other would have terminated its end of the dual employment as well—in short, that his employment by them was joint. (Cf. *San Francisco-Oakland Terminal Rys.* v. *Industrial Acc. Com., supra,* 124.) To reword the language of Mr. Justice Shenk in the somewhat comparable but decidedly weaker case of *Hartford A. & I. Co.* v. *Industrial Acc. Com.,* 203 Cal. 688, 692 [262 P. 309, 58 A.L.R. 1392], the service Pitt was performing at the time of his injury was in further-

ance of the arrangement made for the mutual benefit of his joint employers and was incidental thereto. The service being joint, the employment was joint. ▆▆▆ Where employment is joint, it is not the rule in this state to impose liability solely on the employer whose particular work was being done at the moment of injury. (*Hartford A. & I. Co.* v. *Industrial Acc. Com.*, *supra*; cf. *Murphy Supply Co.* v. *Fredrickson*, 206 Wis. 210 [239 N.W. 420, 422].)

▆▆▆ Petitioner, the insurance carrier of the Cooperative, takes the further position that, notwithstanding the joint employment of Pitt by both the Cooperative and the Warehouse Company, it should be discharged from liability because the policy issued by it to the Cooperative in effect at the time of Pitt's injury did not cover him. Petitioner rests this position upon the admitted fact that Pitt was at the time of his injury an executive officer of the Cooperative, namely, its secretary-treasurer, and upon the further fact that by the express terms of the policy all persons having executive officer titles, irrespective of their particular titles and irrespective of the work they performed, were excluded from the coverage of the policy "unless specifically included by statement in the schedule of operations of the Declarations or specifically insured by Endorsement attached to this Policy." The record shows that the second exception to the executive officer exclusion was not satisfied, but the parties on this appeal differ as to whether the first exception was satisfied. Apparently all agree that "schedule of operations" as used in the first exception means "classification of operations." The classification of operations included "local manager" and the controversy centers upon the point whether Pitt was specifically included within the classification of operations, within the meaning of the exception, when such inclusion was not by name or executive officer title but simply as "local manager." It is conceded that "local manager" meant Pitt.

The policy is silent as to what is required in order that a person be "specifically included" in the schedule (classification) of operations. In giving the proper effect to this silence, a reliable guide is found in the contrasting language used in the corresponding exception to the companion exclusions of firm members and relatives. These expressly provide that the person or relative must be specifically named in the classification of operations. The fact that no such requirement was made in the exclusion before us indicates that no such

specific naming was intended. Similarly, in view of this exact language in the companion exclusion exceptions, it is reasonable to conclude that if inclusion by executive officer title had been desired, it would have been enunciated. (Cf. *National Auto. Ins. Co.* v. *Industrial Acc. Com.,* 19 Cal.2d 540, 542-543 [122 P.2d 1].) This silence plainly occasions uncertainty of meaning. All such uncertainties must be resolved against petitioner, the party who drafted the policy, as the one causing the uncertainties to exist. (Civ. Code, § 1654; *Ocean etc. Corp. Ltd.* v. *Industrial Acc. Com.,* 194 Cal. 127, 132 [288 P. 1]; *Maryland Cas. Co.* v. *Industrial Acc. Com.,* 178 Cal. 491, 494 [173 P. 993; *U. S. Fid. & G. Co.* v. *American B. etc. Co.,* 7 Cal.App.2d 683, 688 [46 P.2d 984].) Petitioner's contention that the classification of operations is intended to serve an entirely different purpose is beside the point. It chose to give to that provision the additional function here in dispute. Petitioner's final argument that the classification of operations must be read as subject to the various exclusions because the policy so provides is argument in a complete circle. We are told to go first to the exclusion, then to the classification and then back to the exclusion. The most that can be said for such an argument is that it renders the meaning of all these provisions ambiguous on this point, and under the rule of law just stated such ambiguities must be resolved against petitioner. ■■■ A policy issued pursuant to our workmen's compensation statute should be construed with the purpose of such legislation in mind. (*Maxfield Wilton & Associates, Inc.,* v. *Industrial Acc. Com.,* 19 Cal. App.2d 606, 609 [65 P.2d 1354].) ■■■ An employee entitled to compensation under these statutes should not be excluded from the coverage of his employer's workmen's compensation insurance policy unless that exclusion be plain and unambiguous. We conclude that Pitt came within the first exception to the executive officer exclusion and that petitioner's policy covered him at the time of his injury.

The award is annulled and the case is returned to the commission for such further proceedings as may be necessary for a proper apportionment of liability between these employers and their insurance carriers.

Wood, J., and Kincaid, J. pro tem., concurred.